JULES LIGNOT and others *v.* ABEL W. REDDING.

A party having a claim against another, may institute an action thereupon, although, at the same time, an action is pending, brought against him by his debtor, wherein he might set up his said claim as a counter claim.

In an action on contract for unliquidated damages, the defendant, under § 150 of the Code, may set up as a counter claim damages arising on contract, though not out of the same cause of action.

APPEAL by the plaintiff from a judgment of the Marine Court, where the complaint was dismissed under the circumstances indicated in the opinion.

*William W. Niles* and *S. V. Bagley*, for the plaintiffs.

*Jasper W. Gilbert*, for the defendant.

BY THE COURT. INGRAHAM, FIRST J.—The plaintiff sued the defendant for money lent, for a balance of an account stated, for goods sold and delivered to defendant, and for goods sold to third persons at defendant's request.

The defence was, that another action was pending in the Superior Court, and that the plaintiffs should have set off their demands in that action, instead of bringing this.

The action in the Superior Court was brought to recover damages for breach of a contract. Those damages were unliquidated, and it was urged that the damages claimed in this suit could not be set up as a counter claim in that action, unless they arose out of the same cause of action.

Since the last amendment of the Code, the section on this subject (section 150) is broad enough to cover a claim for unliquidated damages on contract, although a different one from that on which the action is founded. But whether that be so or not, we do not think a party having a claim against another is bound to await the tedious motion of such debtor;

if he sees fit first to commence a suit, and then delay its progress, so as to prevent the real creditor from obtaining what is due him. If such a rule was sanctioned, a debtor might delay an action brought by him against his creditor for a long time, and beyond remedy on his part.

The creditor is not bound thus to delay the collection of his claims, but may bring an action for them, notwithstanding the pendency of an action against him by his debtor.

The complaint was improperly dismissed, and the judgment must be reversed.

Adjudged accordingly.